UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHANE T. WATKINS,<br><br>    Defendant. | No.: 04-10037 |

## DEFENDANT'S SENTENCING COMMENTARY

NOW COMES the Defendant, SHANE T. WATKINS and Richard H. Parsons, Chief Federal Public Defender for the Central District of Illinois, by and through KARL W. BRYNING, Assistant Federal Public Defender, and hereby files the following Sentencing Commentary.

Mr. Watkins requests, the imposition of a sentencing no higher than the 30-years prescribed by § 841(b)(1)(C), without regard to any mandatory minimums. Mr. Watkins also objects to a sentencing range higher than 262-327 months, and to any fines and supervised released based thereon. In support thereof, Mr. Watkins states as follows:

**I.  Pursuant to *United States v. Booker* and *United States v. Edwards*, Mr. Watkins hereby objects to all crack-based sentencing enhancements.**

**A.  Summary of Argument**

In the case at hand, it is unclear whether the jury found that Mr. Watkins possessed "cocaine base" or "crack cocaine." The Seventh Circuit ruled that while all crack cocaine is cocaine base, not all cocaine base is crack cocaine. *United States v. Edwards*, No. 03-4234, (7th Cir, February 11,

-1-

2005.) The *Edwards* court remanded the case for re-sentencing pursuant to 18 U.S.C. § 841(b)(1)(C), because the district court ruled that the drugs in question were cocaine base, and not crack cocaine. *Id.* Cocaine base does not trigger the same enhanced penalties required for crack cocaine. *Id.*

In the case at bar, ambiguity in the Indictment, and in the Government's proposed jury instruction, cast doubt upon the verdict. The Seventh Circuit recognized the validity of the Fifth Circuit's ruling that even where an indictment is phrased in the conjunctive, a subsequent jury instruction presented in the disjunctive renders the general verdict ambiguous, thereby requiring a sentence under the section establishing the lesser penalty *United States v. Banks*, 78 F.3d 1190, 1202 *citing United States v. Bounds*, 985 F.2d 188 (5th Cir. 1993), *cert denied*, 510 U.S. 845 (1993).

Since not all cocaine base is crack cocaine, the terms are not interchangeable. The general verdict and Indictment utilize this same ambiguous language. Such language is similar to charging in the disjunctive, in that it implies that a jury can find that the substance was either cocaine base or crack cocaine, interchangeably.

The Seventh Circuit recognized that where the indictment charged the defendant with distributing "methamphetamine/amphetamine, the "/" was equal to an "or," thereby charging in the disjunctive, and rendering the jury's general verdict ambiguous. The jury improperly was able to reach its verdict by finding the defendant guilty of either drug. *Banks*, 78 F.3d 1190, 1202 *citing United States v. Owens,* 904 F.2d 411, 414 (8th Cir.1990). Similarly, the jury in the case at hand could have found that Mr. Watkins possessed cocaine base or crack cocaine due to the ambiguity in the Indictment, and general verdict. The Illinois State Police Lab Report characterized the drugs as "cocaine base."

**B.    The Seventh Circuit in *Edwards* ruled that while all crack cocaine is cocaine base, not all cocaine base is crack cocaine**

In *Edwards*, the Seventh Circuit ruled that where the District Court found that the drugs in question were cocaine base, and not crack cocaine, enhanced penalties under 18 U.S.C. § 841(b)(1)(B)-(A) could not be applied. *Edwards*, No. 03-4234. After canvassing the legislative history of § 841(b), the Court concluded that it was clear that Congress intended the enhanced penalties to apply to crack cocaine, and the lesser penalties to apply to all other forms of cocaine base. *Id.*

The district court in *Edwards* refused to accept the testimony of the government's expert, Dr. James DeFrancesco, that the substances in the defendant's possession were crack cocaine. Dr. DeFrancesco's opinion was not based upon scientific tests or expert examination, but upon the definition in the sentencing Guidelines, which reads "'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride (powder cocaine) and sodium bicarbonate (baking soda) and usually appearing in a lumpy, rocklike form." U.S.S.D. § 2D1.1(c). *Edwards*, at 4. The expert improperly defined all cocaine base as crack cocaine based upon the Guidelines rather than any scientific principles. *Edwards*, 294 F.Supp. 954, 958 *reversed* No. 03-4234.

Scientifically, not all cocaine base is crack cocaine. *Id.* Cocaine in its natural state, after abstraction from coca leaves, is a base. *Edwards* at 6. Therefore, chemically, "cocaine" and "cocaine base" are identical. *Edwards*, at 6. Using sodium carbonate (soda ash) and water, coca leaves are converted into coca paste. DEA, "*Coca Cultivation and Cocaine Processing: An Overview*,"(Strategic Intelligence Section 1Sep93). Coca paste is usually a chunky, off-white to light brown, putty-like substance that can be smoked. *Id.* When further refined, coca paste is transformed

into a harder cocaine base. *Id.*

Coca paste generally is converted directly into cocaine hydrochloride (powder cocaine) prior to entering the United States. *Edwards* No. 03-4234 at 6. There are at least two ways that powder cocaine, however, can be converted back to cocaine base by utilizing a process that "frees" the cocaine base from the hydrochloride. *Id.* Freebase cocaine is produced by adding ammonia, ether or another organic solvent. *Id.* Crack cocaine is produced by adding baking soda and water. *Id.* Rock cocaine is also produced by adding baking soda and water, but has a different heating and cooling process than crack cocaine.

**C.**     **The evidence does not support a finding that the drugs in question were crack cocaine**

(1) the lab report indicated that the drugs were "cocaine base;" (2) there was no evidence that Mr. Watkins manufactured the drugs; and (3) there was no evidence that the officer's field test could distinguish crack cocaine from other forms of cocaine base.

While the Officers indicated that Mr. Watkins admitted to them that he had possessed controlled substances, there was no information presented about Mr. Watkins manufacturing crack cocaine, or having a basis of knowledge to distinguish crack cocaine from other forms of cocaine base.

**D.**     **A crack-based statutory enhancement cannot be found to have been proven to a jury beyond a reasonable doubt, where there was ambiguity in the Indictment and General Verdict**

Mr. Watkins cannot be subjected to a crack-based statutorily enhanced sentence where the drug type was not clearly proven to a jury beyond a reasonable doubt. *United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003) citing *United States v. Nance,* 236 F.3d 820, 824-25 (7th Cir.2000). Anything less would violate Mr. Watkins' constitutional rights under the Fifth Amendment Due Process Clause and the Sixth Amendment's Notice and Jury Trial guarantee.

The Seventh Circuit has noted that where the district court instructs the jury in the disjunctive, the court must apply the least severe penalty. *Banks*, 78 F.3d at 1202. The Court in *Banks* provides a comprehensive review of circuit case law where the jury was instructed in the disjunctive. *Id.* When an indictment is phrased in the disjunctive (e.g. a defendant is charged with conspiracy to distribute methamphetamine or amphetamine) it is generally held that a general verdict based upon the indictment is ambiguous. *Id.* citing *Owens*, 904 F.2d at 414 (indictment that charged the defendant with conspiring to distribute "methamphetamine/amphetamine,"meant that the defendant had been charged and convicted of conspiracy to distribute either methamphetamine or amphetamine. This construction rendered the jury's general verdict ambiguous because the jury was able to reach its verdict by finding the defendant guilty of conspiring to distribute either drug.)

In *Owens*, the sentence based upon the methamphetamine was vacated, and the court withheld judgment on the defendant's conspiracy conviction for thirty days, giving the government the option of consenting to a new sentence based upon the amphetamine charge. *Id.* If the government did not consent, the court held that the defendant's conviction would be vacated and it would remand the matter for a new trial. *Id.* at 415.

The Seventh Circuit recognized that other circuits that have considered indictments phrased in the disjunctive, have reached the same result as the Eight Circuit. *Banks*, 78 F.3d at 1202 *citing, e.g., United States v. Bush,* 70 F.3d 557 (10th Cir.1995) (defendant's indictment for distribution of "cocaine (powder) and/or cocaine base (crack)" held to be ambiguous), *cert. denied*, 516 U.S. 1082 (1996); *United States v. Garcia,* 37 F.3d 1359, 1370 (9th Cir.1994) ("*Garcia's* jury was charged with determining whether he was guilty of conspiring to commit the narcotics charges or whether he was guilty of conspiring to use communications facilities to facilitate the commission of drug offenses."), *cert. denied,* 514 U.S. 1067 (1995); *United States v. Baker,* 16 F.3d 854 (8th Cir.1994) (verdict

convicting defendant of violating 21 U.S.C. § 856 by making house available "for the purpose of distributing or using a controlled substance" held to be ambiguous and could not serve as basis for career offender sentencing); *United States v. Pace,* 981 F.2d 1123 (10th Cir.1992) (possession with intent to distribute "methamphetamine/amphetamine," held to be ambiguous; sentence based on methamphetamine vacated for new trial or for re-sentencing based on amphetamine); *United States v. Quicksey,* 525 F.2d 337 (4th Cir.1975) (jury allowed to convict for either a general conspiracy or a narcotics conspiracy, and not required to return a special verdict; sentenced based upon narcotics conspiracy vacated).

Finally, the Seventh Circuit acknowledged that other courts, such as the Fifth Circuit in *Bounds,* have been faced with a slightly different situation, in which the indictment was phrased in the conjunctive, yet a subsequent jury instruction was presented in the disjunctive. *Banks*, 78 F.3d at 1202 citing *Bounds*, 985 F.2d 188. In *Bounds,* the indictment charged the defendant with conspiracy to manufacture "amphetamine and phenylacetone," but the jury was subsequently instructed that the conspiracy involved "phenylacetone or amphetamine." The Fifth Circuit determined that the jury instruction rendered the general verdict ambiguous, and the sentence based upon the more serious of the two drugs could not stand. *Cf. United States v. Cooper,* 966 F.2d 936 (5th Cir.1992) (indictment alleged two objects of conspiracy in the conjunctive, but jury was instructed that only one object was necessary for a guilty verdict), *cert. denied,* 506 U.S. 980 (1992).

**III.   Conclusion**

Mr. Watkins cannot be sentenced under § 841(b)(1)(A)-(B) where it is unclear whether the jury found that he possessed "cocaine base" or "crack cocaine;" and the Government did not prove beyond a reasonable doubt that the substance involved was crack cocaine base as opposed to another form of cocaine base.

The amount of cocaine base in the case at hand totals 54.7 grams, thereby requiring sentencing under § 841 (C), providing a maximum penalty of 30-years after prior felony drug conviction. The sentencing guidelines, including chapter four career offender enhancement, produces a discretionary 262-327 month range.

                            Respectfully Submitted,

                            SHANE T. WATKINS

                            RICHARD H. PARSONS
                            Federal Public Defender

                            BY:    s/ Karl W. Bryning
                                    Karl W. Bryning
                                    Assistant Federal Public Defender
                                    Attorney for Defendant
                                    401 Main Street, Suite 1500
                                    Peoria, Illinois 61602
                                    Phone: 309/671-7891
                                    FAX: 309/671-7898
                                    Email: karl_bryning@fd.org

CERTIFICATE OF SERVICE

  I hereby certify that on March 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Bradley Murphy, Assistant United States Attorney, One Technology Plaza, 211 Fulton Street, Suite 400, Peoria, Illinois 61602.

          s/ Karl W. Bryning

          Karl W. Bryning
          Assistant Federal Public Defender
          Attorney for Defendant
          401 Main Street, Suite 1500
          Peoria, Illinois 61602
          Phone: 309/671-7891
          FAX: 309/671-7898
          Email: karl_bryning@fd.org